UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINACA TIMES,

    Petitioner,                                                     Civil Action No. 12-CV-15550

vs.                                                          HON. BERNARD A. FRIEDMAN

JEFFREY WOODS,

    Respondent.

_____/

### ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is presently before the Court on petitioner's application for a writ of habeas corpus. Magistrate Judge Paul J. Komives has submitted a Report and Recommendation ("R&R") in which he recommends that the Court deny the application and decline to issue a certificate of appealability. Petitioner has submitted timely objections to the R&R. Under Fed. R. Civ. P. 72(b)(3), the Court review de novo those portions of the R&R to which timely and sufficient objections have been filed.

The petition in this matter raises four claims. As the magistrate judge correctly notes, *see* R&R at 9-13, petitioner procedurally defaulted three of the claims by failing to raise them in the trial court. In his objections, petitioner offers no counter-argument on this point. The Court agrees with the magistrate judge that petitioner's second, third and fourth claims are procedurally defaulted and that no habeas relief is available as to them.

This leaves only plaintiff's first claim – namely, that "the trial court abused its discretion by refusing motion and instructions of manslaughter." Pet. ¶ 12. The gist of this claim is that the trial court should have instructed the jury on the "lesser included" offenses of

manslaughter and second-degree murder, rather than instructing only on first-degree felony murder. Petitioner does not object to the magistrate judge's conclusion that this claim is not cognizable on habeas review. *See* R&R at 16-17 (citing Sixth Circuit authority for the proposition that "the failure of a court to instruct on a lesser included or cognate offense in a non-capital case is generally 'not an error of such magnitude to be cognizable in federal habeas corpus review'"). By failing to object, petitioner has conceded this point.

On the merits, petitioner has failed to show that the Michigan courts' treatment of this claim is in any way inconsistent with Supreme Court precedent. The Michigan Court of Appeals analyzed and rejected this claim for the following reasons:

> Defendant next argues that the trial court abused its discretion by refusing to read instructions to the jury regarding the lesser-included offenses of second-degree murder and voluntary manslaughter. We disagree. Although both second-degree murder and voluntary manslaughter are "necessarily included" lesser offenses to first-degree murder, *People v. Mendoza*, 468 Mich. 527, 541; 664 NW2d 685 (2003); *People v. Carter*, 395 Mich. 434, 437-438; 236 NW2d 500 (1975), a court is only required to instruct a jury on a lesser-included offense that is "necessarily included" in the charged offense when "a rational view of the evidence would support such an instruction," *Mendoza*, supra at 533.
>
> First-degree felony murder is defined by statute as a "[m]urder committed in the perpetration of" one of several listed felonies, including armed robbery and first-degree home invasion. MCL 750.316(b). Because the only elements separating first-degree felony murder from second-degree murder are the predicate felonies, a second-degree murder instruction was only necessary if a "rational view of the evidence" would support the finding that the perpetrator did not shoot the victim while perpetrating either offense. We conclude that it does not.
>
> The evidence presented at trial demonstrated that defendant entered an apartment occupied by the victim and others without permission, and that defendant threatened the group with a gun while taking money and a cell phone from the victim, thereby establishing

>the elements for both armed robbery, *People v. Smith*, 478 Mich. 292, 319; 733 NW2d 351 (2007), and first-degree home invasion, MCL 750.110a(2). While fleeing the apartment, and while being pursued by the victim and another man, defendant fired a handgun two or three times. One of those gunshots struck the victim, killing him. The term "perpetration" in the felony murder statute is a broader concept than the elements of the predicate felony and includes any murder committed "during the uninterrupted chain of events surrounding the commission of the predicate felony...." *People v. Gillis*, 474 Mich. 105, 121; 712 NW2d 419 (2006). Defendant did not dispute the evidence, but whether he was the perpetrator. Consequently, the only rational view of the evidence was that the victim's shooter did so during a first-degree home invasion and robbery, so that the lesser-included offense of second-degree murder was not required. *Mendoza*, supra at 533.
>
>Manslaughter was similarly not required. "Manslaughter is murder without malice." *Id*. at 534. The element of malice "is negated by the presence of provocation and heat of passion." *Id*. at 540-541. Adequate provocation is "that which would cause a reasonable person to lose control." *People v. Tierney*, 266 Mich.App 687, 715; 703 NW2d 204 (2005) (internal quotations omitted). In the present case, there simply was no evidence of any provocation that a reasonable juror could conclude was adequate. Any claim that the perpetrator was provoked by the possibility of not escaping after his armed robbery is meritless. "Although defendant was provoked, in a broad sense, that provocation is not one which we recognize as 'adequate' for the purposes of the law of manslaughter." *See People v. Gjidoda*, 140 Mich.App 294, 298; 364 NW2d 698 (1985). Without any evidence of provocation, no rational view of the evidence supported a manslaughter instruction. *Mendoza*, supra at 533.

*People* v. Times, 2008 WL 2038028, at *2 (Mich. App. May 13, 2008). Petitioner's argument is that he shot the victim "accidentally," i.e., that he shot at Matthews, who ducked, and the shot hit and killed Narvaiz. As the magistrate judge correctly notes, the court of appeals' analysis was fully consistent with Michigan law and there is no Supreme Court precedent to the contrary. The trial court correctly declined to instruct the jury on the lesser included offenses because petitioner killed the victim "during the uninterrupted chain of events surrounding the commission of the predicate

felony" and the element of malice was not vitiated "by the presence of provocation and heat of passion." Therefore, even if this were a cognizable habeas claim, the Court would not disturb the Michigan Court of Appeals' analysis. Petitioner's objections to the contrary are rejected. Accordingly,

IT IS ORDERED that Magistrate Judge Komives' Report and Recommendation is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that the petition is this matter is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis, as any appeal in this matter could not be "taken in good faith." 28 U.S.C. § 1915(a)(3).

                    S/ Bernard A. Friedman_____
                    BERNARD A. FRIEDMAN
                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 2, 2013
       Detroit, Michigan